**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4634**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

        v.

JENNIFER MURPHY,

             Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  James R. Spencer, Chief District Judge; Robert E. Payne, Senior District Judge.  (3:07-cr-00012-REP)

Submitted:  March 18, 2009        Decided:  April 9, 2009

Before WILKINSON, MOTZ, and KING, Circuit Judges.

Affirmed and remanded by unpublished per curiam opinion.

Reginald M. Barley, Richmond, Virginia, for Appellant.  Norman Scott Sacks, OFFICE OF THE UNITED STATES ATTORNEY, Richard Daniel Cooke, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jennifer Murphy appeals her convictions by a jury of possession of cocaine, in violation of 21 U.S.C. § 844 (2006), possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d) (2006), and maintaining a place for the purpose of distributing controlled substances, in violation of 21 U.S.C. § 856 (2006); and her sentence of forty-one months of imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court properly denied Murphy's motion to suppress evidence.[*] Finding no error, we affirm the judgment of the district court.

On appeal from a district court's denial of a motion to suppress, the district court's factual findings are reviewed for clear error and the legal determinations are reviewed de novo. See United States v. Buckner, 473 F.3d 551, 553 (4th Cir. 2007). Under a clear error standard of review, this court will reverse only if "left with the definite and firm conviction that a mistake has been committed." United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005)(quoting Anderson v. Bessemer City,

---

[*] Murphy was informed of her right to file a pro se supplemental brief but has not done so.

470 U.S. 564, 573 (1985)). It is well-settled that this court will give particular deference to a district court's credibility determinations for "it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008) (quoting United States v. Murray, 65 F.3d 1161, 1169 (4th Cir. 1995)). Finally, where, as here, the district court denies a motion to suppress, this court reviews the evidence in the light most favorable to the Government. United States v. Uzenski, 434 F.3d 690, 704 (4th Cir. 2006).

The district court, after hearing the evidence at the suppression hearing and a subsequent hearing, determined that Murphy consented to the search. "Absent compelling evidence to the contrary, this Court declines to overturn a factual determination founded on witness demeanor and credibility." United States v. Locklear, 829 F.2d 1314, 1317 (4th Cir. 1987) (citing United States v. Wolf, 813 F.2d 970, 975 (9th Cir. 1987)). The record does not reveal compelling evidence contrary to the district court's credibility determination, and therefore, Murphy's claim fails.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. We remand to the district court for correction of the first page of

3

the written judgment to reflect that the offense in Count Two, possession of cocaine, is a misdemeanor offense.

This court requires that counsel inform Murphy, in writing, of the right to petition the Supreme Court of the United States for further review.  If Murphy requests a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Murphy.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AND REMANDED